IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JIMMY HATCHETT, | § | |
| #30815-479, | § | |
| Movant, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:21-CV-2445-K |
| | § | (CRIMINAL NO. 3:14-CR-340-K-13) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Before the court is Movant Jimmy Hatchett's("Hatchett's") *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Upon review, the motion is **DENIED**.

I.     BACKGROUND

Hatchett was one of a number of coconspirators who participated in a robbery of a jewelry store in Irving, Texas. He was convicted of conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951(a) (count one), interference with commerce by robbery and aiding an abetting, in violation of 18 U.S.C. §1951(a) and § 2 (count two), using, carrying, and brandishing a firearm during and in relation to a crime of violence and aiding and abetting, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and § 2 (count three), and two counts of kidnapping and aiding and abetting, in violation of 18 U.S.C. § 1201(a) and § 2 (counts four and five). Cr. Doc. 491; Cr. Doc. 546. He was sentenced to terms of imprisonment totaling 324 months.

Cr. Doc. 764. He appealed and the judgment and sentence were affirmed. *United States v. Hatchett,* 823 F. App'x 288 (5th Cir. 2020).

Hatchett then filed a timely § 2255 motion.  Doc. 1.  He later filed a supplement to his motion. Doc. 17. He also filed an extensive memorandum in support. Doc. 11. He asserts five grounds in support of his motion.   The Government opposes § 2255 relief.  Doc. 19.  Hatchett has filed a reply. Doc. 24.

After review of all pleadings and the applicable law, the court concludes that Hatchett's claims have no merit.  The § 2255 motion should therefore be denied.

## II.    ANALYSIS

### A. Prosecutorial Misconduct and Unfair Trial

Hatchett's first ground is "Prosecutorial Misconduct (entire process)." Doc. 1 at 7. As supporting facts, he alleges that the prosecution "invoked the aid of the court with unclean hands and persisted in misconduct throughout the entire proceedings." *Id.* His fourth ground is "denial of fair trial." *Id.* at 8. As supporting facts, he alleges that the in-court identification was tainted, that the jury instructions regarding kidnapping were improper, and that there was cumulative error. *Id.* In his fifth ground, he asserts that the jury instruction regarding kidnapping and the section 924(c) counts were "inconclusive on which subsection of the charges we were convicted on." Doc. 17. The supporting memorandum begins with a discussion of unclean hands and proceeds

with a litany of reasons why the convictions should be set aside. Doc. 11. The court need not discuss these allegations in depth as it is clear that Hatchett is barred from pursuing them here.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164–65 (1982); *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232. The first, fourth, and fifth grounds should have been raised on appeal, but were not. Hatchett has not established cause and prejudice to be able to

pursue these grounds. Conclusory allegations regarding alleged deficiencies of counsel are insufficient to meet the burden. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

### B.    Insufficiency of Evidence

In his third ground, Hatchett alleges that the evidence was insufficient to sustain his convictions (at least as to kidnapping, which is the only charge he mentions). Doc. 1 at 7.

Where issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517–18 (5th Cir. 1978)). That is the case here, where Hatchett raised sufficiency of the evidence on direct appeal. *Hatchett*, 823 F. App'x at 289–90. "Looking at the evidence in the light most favorable to the jury verdict, the evidence was sufficient to establish that Hatchett was one of the individuals who robbed the jewelry store and kidnapped its owners." *Id.* at 290. Further, the requirements of the kidnapping statute were met. *Id.*

### C.    Ineffective Assistance of Counsel

In his second ground, Hatchett alleges that he received ineffective assistance of counsel at trial and on appeal. Doc. 1 at 7.

To prevail on an ineffective assistance of counsel claim, a movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012. "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697. *See also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the movant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller*, 200 F.3d at 282.

As the Government notes, at the conclusion of the evidence at trial, Hatchett informed the Court that he had "no complaints" about the quality of the representation of his court-appointed counsel. Cr. Doc. 775 at 33. Indeed, the record in the underlying criminal case reflects that counsel filed numerous motions on Hatchett's behalf and engaged in extensive discovery. In fact, because of the nature and number of charges in the indictment, the number of cooperating co-defendants likely to testify, and the nature and volume of the evidence, including cellular phone data, the Court appointed co-counsel to assist in representing Hatchett. Cr. Docs. 480, 481. At the conclusion of the trial, the Court told Hatchett that he had really good lawyers and thanked the lawyers for their work. Cr. Doc. 776 at 30. Nevertheless, Hatchett now lists a litany of complaints about his counsel, mostly conclusory and all unsupported. Doc. 11.

Among Hatchett's allegations is the contention that his counsel failed to perform a reasonable investigation into the identification process used to identify Hatchett as one of the robbers. Doc. 11 at 55–57. He notes the difference in testimony at the detention hearing and at trial, alleging that "perjury/misconduct" occurred. *Id.* at 56. In this regard, the Court notes that Hatchett's challenge to his pretrial detention is now moot since he has been convicted and sentenced. *See United States v. O'Shaughnessy*, 772 F.2d 112 (5th Cir. 1985); *United States v. Borowski*, 741 F. App'x 282, 283 (5th Cir. 2018). The contention that he would not have been convicted had he not been

detained is purely speculative and does not support relief here. In any event, one who alleges a failure to investigate must show with specificity what the investigation would have revealed and how it would have affected the outcome of the case. *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). Hatchett has not done that. Hatchett's counsel did contest the identity evidence at trial and the jury chose to believe the coconspirators. As the Fifth Circuit noted, that was the jury's prerogative. *Hatchett*, 823 F. App'x at 290. Thus, Hatchett cannot show that the outcome would have been different had counsel engaged in any particular conduct.

Hatchett also complains that counsel were ineffective for not investigating "the issue of the Petitioner's cellphone." Doc. 11 at 70. Hatchett alleges that he filed complaints about the missing cellphone, which he alleged a government agent had stolen. *Id.* at 25. That he could not convince the government to initiate an FBI investigation may have influenced his attorneys. In any event, Hatchett offers no proof that his attorneys did nothing to pursue the matter. And, he fails to show what more counsel should have done and how the outcome of the proceedings would have been different.

Hatchett also complains that his counsel should have investigated his mental health. Doc. 11 at 71.  He does not explain what counsel should have done or how it would have made any difference.

Hatchett alleges that a cursory check would show that counsel spent insufficient time with him to prepare for trial. Doc. 11 at 58. He also complains that counsel "never gave petitioner the discovery in this cause." *Id.* at 72. His cursory complaints like these are insufficient to establish that he received ineffective assistance.

As for his complaints that counsel failed to call an alibi witness and an expert, the allegations are unsupported. Complaints of uncalled witnesses are not favored because the presentation of witnesses is a matter of trial strategy and because allegations of what a witness would have said are largely speculative. *Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002); *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978). To prevail, a movant must name the witness, demonstrate that the witness would have testified, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable so as to have made a difference in the outcome. *Gregory v. Thaler*, 601 F.3d 347, 352–53 (5th Cir. 2010). Hatchett has not made the required showing as to any witness.    Hatchett devotes a scant two paragraphs to alleged ineffective assistance of counsel on appeal. Doc. 11 at 73–74. He complains of the failure to file an *Anders* brief, but none was required as counsel did not seek to withdraw before filing a merits brief.  *Anders v. California*, 386 U.S. 738 (1967). Counsel were entitled to choose the best issues to present on appeal. *Davila v. Davis*, 582 U.S. 521, 533 (2017). They had no duty to raise every nonfrivolous issue.

*Jones v. Barnes*, 463 U.S. 745, 754 (1983); *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). Hatchett has not shown that any other issue would have had merit such that it would have resulted in a different outcome. *United States v. Phillips*, 210 F.3d 35, 348 (5th Cir. 2000).

Petitioner continues to steadfastly proclaim his innocence. Doc. 21. However, actual innocence is not a stand-alone claim. *Foster v. Quarterman*, 466 F.3d 359, 367 (5th Cir. 2006). Rather, it is only a gateway through which a habeas petitioner may pass to have his otherwise barred constitutional claim considered on the merits. *Herrera v. Collins*, 506 U.S. 390, 404 (1993). To meet the actual innocence exception, Hatchett must show that, in light of new evidence that could not have been presented at trial, no juror acting reasonably would have voted to find him guilty beyond a reasonable doubt. *McQuiggin v. Perkins*, 569 U.S. 383, 386–87 (2013).  Hatchett has no new evidence.

**D.      CONCLUSION**

Accordingly, the motion to vacate, set aside, or correct sentence under 28 U.S.C.

§ 2255 is **DENIED** and this case is **DISMISSED WITH PREJUDICE**.

The motion to compel appointment of a special prosecutor, Doc. 24, is likewise

**DENIED**.

SO ORDERED.

Signed May 20th, 2024.


_____
ED KINKEADE
UNITED STATE DISTRICT JUDGE